UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TREVOR WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| ACCOUNTS RECEIVABLE MANAGEMENT, INC., | ) ) ) |
| Defendant. | ) ) |

VERIFIED COMPLAINT
(Unlawful Debt Collection Practices)

## PLAINTIFF'S VERIFIED COMPLAINT

TREVOR WILLIAMS ("Plaintiff"), through attorneys, KROHN & MOSS, LTD., alleges the following against ACCOUNTS RECEIVABLE MANAGEMENT, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Florida; therefore, personal jurisdiction is established. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### PARTIES

4. Plaintiff is a natural person residing in Tampa, Hillsborough County, Florida.

5. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

1

6. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Jacksonville, Florida.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. In or around September of 2011, Defendant began placing calls to Plaintiff seeking and demanding payment on an alleged debt.

10. Defendant calls Plaintiff from 954-874-9920, and possibly other numbers also.

11. Defendant calls Plaintiff to his cell phone, at a number ending in – 5967.

12. Each time Defendant calls, Plaintiff receives and automated voice recording which says the call is in reference to a "business matter," but does not otherwise disclose that the call is from a debt collector and/or that any information obtained would be used for that purpose.

13. When Defendant calls Plaintiff, the latter is required to wait to be connected to a live representative, which Plaintiff has been unable to do.

14. Soon after calls began, Plaintiff spoke to a representative of Defendant, disputed that he owed the debt, and requested that further calls cease.

15. Despite the foregoing, Defendant has continued to call Plaintiff, seeking and demanding payment on an alleged debt, typically two to three times per day.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person

in connection with the collection of a debt;

b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person called at that number;

c. Defendant violated § 1692e of the FDCPA through the use of false, deceptive, or misleading representation or means in connection with the collection of any debt;

d. Defendant violated § 1692e(10) of the FDCPA through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

e. Defendant violated § 1692e(11) of the FDCPA through the failure to disclose, in the initial and/or subsequent communication with the consumer, that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose.

WHEREFORE, Plaintiff, TREVOR WILLIAMS, respectfully requests judgment be entered against Defendant, ACCOUNTS RECEIVABLE MANAGEMENT, INC., for the following:

17. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

18. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

19. Any other relief this Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Shireen Hormozdi
Shireen Hormozdi
KROHN & MOSS, LTD.
10474 Santa Monica Blvd. Suite 401
Los Angeles, CA 90025
(323) 988-2400
Shormozdi@consumerlawcenter.com
Attorneys for Plaintiff



*Intention: Matthew Slodawy*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA   )
                   )
COUNTY OF Hillsborough )

Plaintiff, TREVOR WILLIAMS, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, TREVOR WILLIAMS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

10/20/2011
Date

TREVOR WILLIAMS